## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE M. BURNS and JOHN R. BURNS<br>149 Sharon Avenue<br>Washington, PA 15301<br>　　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Defendant. | <br><br><br><br><br><br>Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Daniel M. Burns and John R Burns, by and through their attorneys, PHILLIPS, PHILLIPS & SMITH-DELACH, P.C. file the within Complaint as follows:

## PARTIES

1.　　　Plaintiffs, Daniel M. Burns and John R. Burns, are adult individuals residing at 149 Sharon Avenue, Washington, Washington County Pennsylvania 15301.

2.　　　Defendant, United States of America, is sued for the negligent acts and omissions of its Federal employees, Centerville Clinics, pursuant to the provisions of the Federal Tort Claim Act, specifically 45 CFR 35.2(b), 28 U.S.C. §2675(a), and §2679(a), Plaintiffs bring this action against the Defendant, United States of America, for the negligent acts and omissions of its Federal employees, Centerville Clinics.

3.　　　Centerville Clinics, Inc., d/b/a Washington Family Doctors, (hereinafter referred to as "Centerville Clinics") was deemed eligible for FTCA coverage on December 1, 1993, and redeemed on June 23, 1996.

## JURISDICTION

4. This action is brought pursuant to the Federally Supported Health Centers Assistance Act of 1992, as amended, 42 U.S.C. §233(g)-(n), which provides that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2401(b), 2671-2680, is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center occurring on or after January 1, 1993, or when the health center was deemed eligible for coverage.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because Plaintiffs are residents of this District and the events and omissions giving rise to the matters in controversy occurred within the District.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiffs have satisfied all procedural and administrative requirements set forth in this statute after exhausting their administrative remedies with the United States Department of Health and Human Services. Attached as Exhibit 1 is a copy of the October 10, 2017 letter from the United States Department of Health and Human Services.

## FACTS

7. At all times relative to this Complaint, Defendant, United States of America, and its agent, Centerville Clinics, while acting within the scope of their employment, maintained and controlled a principal office and place of business in Washington, Washington County, Pennsylvania; with an address of 37 Highland Avenue, Washington, PA 15301.

8. Plaintiffs' claims arise due to the failure to render proper and adequate medical care and treatment to the Wife-Plaintiff, Danielle M. Burns. As the result of the negligent acts and/or omissions of the Defendant's agent, Centerville Clinics, the Wife-Plaintiff was caused to suffer permanent physical and emotional disability as hereinafter set forth.

9. On July 28, 2016, the Wife-Plaintiff presented to Centerville Clinics complaining of a history of right calf pain for one week's duration. She was seen by John Beabout, CRNP, who diagnosed mild edema and a positive Hohman's sign. In addition, Mr. Beabout ordered a venous doppler ultrasound that was subsequently reported as negative.

10. On August 11, 2016, the Wife-Plaintiff returned to Centerville Clinics, complaining of right leg and foot pain with medial malleolar discoloration. She was seen by Mark Mamros, M.D. Dr. Mamros applied an air cast, and ordered anti-inflammatories and X-rays.

11. On September 22, 2016, the Wife-Plaintiff returned to Centerville Clinics, complaining of increased swelling in her right calf and pain radiating to her groin. She was seen by Thakur Pankaj, M.D. who prescribed steroids, non-steroidal anti-inflammatories and muscle relaxants, and referred her to an orthopedic surgeon.

12. On October 12, 2016, the Wife-Plaintiff was seen by an orthopedic surgeon, who immediately referred her to a hospital.

13. At the hospital, the Wife-Plaintiff underwent an MRI and venous doppler ultrasound, which revealed a right common femoral vein thrombosis, and groin to popliteal deep venous thrombosis.

14. The Wife-Plaintiff was hospitalized, and subsequently diagnosed with a nonocclusive right lung base embolism and nonocclusive right common iliac clot.

15. The aforesaid actions of the Federal employees at Centerville Clinics caused serious, severe and permanent injuries to the Plaintiffs.

16. Defendant, United States of America, through its Federal employees, Centerville Clinics, had a duty to use that degree of skill and care in the treatment of the Plaintiff-patient which was customary to health care professionals handling like cases; but notwithstanding its duties, the Defendant committed one or more of the following negligent acts or omissions which directly and proximately caused injuries and losses to the Plaintiff-patient:

    a.    Failing to recognize the signs and symptoms of developing and existing deep venous thrombosis;

    b.    Failing to order appropriate and timely radiological studies to determine the etiology of the Wife-Plaintiff's symptoms;

    c.    Failing to prescribe medication to treat the Wife-Plaintiff's deep venous thrombosis;

    d.    Failing to refer the Wife-Plaintiff to a specialist or hospital so as to determine the etiology of her symptoms and to provide emergent treatment for the same;

    e.    Increasing the risk that the Wife-Plaintiff's deep venous thrombosis would progress and worsen.

17.    As a result of the Defendant's negligence as aforesaid, the Wife-Plaintiff has sustained the following severe, serious, and permanent injuries;

    a.    Recurrent right common femoral vein thrombosis;

    b.    Deep venous thrombosis;

    c.    Pulmonary embolism;

    d.    Iliac clot;

    e.    Popliteal ulcer;

    f.    Placement of vena cava filter;

    g.    Surgery;

    h.    Scarring and disfigurement;

    i.    Implantation of right common femoral venous stent;

    j.    Shock to her nerves and nervous system;

    k.    Difficulty with mobility and ambulation.

18.    As a direct and proximate result of the Defendant's foregoing negligent acts and omissions, the Wife-Plaintiff has sustained the following damages:

    a.    Past, current and future expenditures of large sums of money for doctors, medicines, hospitals, medical treatment, nursing and other medical expenses.

    b.    Pain and suffering, inconvenience, humiliation, embarrassment and mental anguish, past and future;

    c.    Loss of wages and diminution of earning capacity; and

    d.    Loss of well-being and loss of the enjoyments of life, past and future.

19. As the direct and proximate result of the negligence of the Defendant as aforesaid, John R. Burns has suffered and will suffer the following damages:

    (a)    He has been and will be deprived of the services, society, companionship, and consortium of the Wife-Plaintiff;

    (b)    He has been and will be required to expend large sums of money for medical attention, hospitalizations, medical supplies, medicines, and attendant services for the treatment of the Wife-Plaintiff.

WHEREFORE, the Plaintiffs, Danielle M. Burns and John R. Burns, demand judgment against the Defendant, United States of America, for the negligent conduct of its employees, Centerville Clinic, Washington Family Doctors, an amount in excess of Seventy-five Thousand Dollars ($75,000.00) plus interests and costs. JURY TRIAL DEMANDED

PHILLIPS, PHILLIPS & SMITH-DELACH, P.C.

Date: 11/17/17

William D. Phillips, Esquire
PA I.D. No. 05484

Laura D. Phillips, Esquire
PA I.D. No. 202204

Phillips, Phillips & Smith-Delach, P.C.
29 East Beau Street
Washington, PA 15301
(724)225-9933 – phone
(724)225-4712 – fax
wdp@pflo.com
ldp@pflo.com

Attorneys for Plaintiffs